IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-00116-01-MJ-W-JAM |
| | ) | |
| DARIUS D. SHAW, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On September 8, 2020, defendant Darius D. Shaw appeared before the Court for a preliminary hearing and a detention hearing. At the conclusion of the preliminary hearing, the Court found probable cause to believe that an offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii), that is possession of a firearm in furtherance of a drug trafficking crime, had been committed and that defendant Shaw had committed the offense. At the conclusion of the detention hearing, the Court found that there are conditions of release which will reasonably assure the defendant's appearance as required and the safety of the community.

Following the hearing, the government filed a Motion to Stay Magistrate's Order Setting Conditions of Pretrial Release. The Court granted the stay to allow the government time to file a motion to reconsider.

On September 10, 2020, the government filed a Motion to Reconsider Order for Pretrial Release (Doc. #12). The motion states that government counsel incorrectly advised the Court during the detention hearing that this was not a "presumption case." After the hearing, government counsel realized that 18 U.S.C. § 3142(e)(3)(B) does create a rebuttable presumption of detention in this case. The government argues that because the defense presented no evidence during the detention hearing,

1

the presumption of detention could not have been rebutted, thus requiring the detention of the defendant.

In *United States v. Abad,* 350 F.3d 793 (8th Cir. 2003), the Court stated that, "[i]n a presumption case . . . a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." In *Abad,* the defendant met the limited burden of production to rebut the presumption by providing the court with a Pretrial Services Report, letters from members of his community, and evidence Abad's family was willing to act as third-party custodians. *ld.* at 798.

In the case before this Court, the Court was also presented with a Pretrial Services Report. The Court finds that the limited burden of production to rebut the presumption has been met with the introduction of the Pretrial Services Report. The Pretrial Services Report provides evidence (i.e. the defendant has no felony convictions, the defendant has lived in the Kansas City area for the last twelve years, the defendant's family ties to the Kansas City area, and the availability of a stable residence for the defendant upon release) that the defendant does not pose a danger to the community or a risk of flight. While the Court finds that the burden of production to rebut the presumption has been met with the introduction of the Pretrial Services Report, the presumption favoring detention does not disappear, but remains for consideration as a factor in the detention decision. *See United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003).

Considering all the evidence presented to the Court (i.e. the Affidavit in support of the Criminal Complaint and the Pretrial Services Report) in analyzing the factors to be considered in 18 U.S.C. § 3142(g), as well as the presumption favoring detention, the Court still finds that there

are conditions of release which will reasonably assure the defendant's appearance as required and the safety of the community.

Therefore, it is

ORDERED that the government's Motion to Reconsider Order for Pretrial Release (Doc. #12) is denied.

           */s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge